IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**SARA LYNN KIDD JONES a/k/a**
**SARA KIDD JONES and PALMER JONES**                           **PLAINTIFFS**

v.                        CASE NO. 4:10CV01992-BSM

**PANHANDLE ROYALTY COMPANY n/k/a**
**PANHANDLE OIL AND GAS, INC.;**
**FARMERS UNION COOPERATIVE ROYALTY**
**COMPANY n/k/a FARMERS ROYALTY COMPANY;**
**PATHFINDER EXPLORATION, LLC; and**
**CHESAPEAKE EXPLORATION LIMITED**
**PARTNERSHIP**                                              **DEFENDANTS**

## ORDER

Defendants Panhandle Oil and Gas, Inc. ("Panhandle") and Farmers Royalty Company ("Farmers") move to dismiss the petition to quiet title for failure to state a claim upon which relief may be granted. [Doc. No. 6]. Petitioners Sara Kidd Jones and Palmer Jones object. [Doc. No. 8]. For the reasons set forth below, the motion to dismiss is denied.

### I. ALLEGATIONS

This quiet title action concerns mineral rights located on approximately 35 acres of land in Van Buren County, Arkansas. Luther and Lizzie Huie owned the property in fee when they granted a mortgage to J.D. Simpkins in November 1928. In July 1930, the Huies conveyed 7/8ths of their mineral estate to O.F. Macon, who almost immediately transferred that interest to Sun Oil Company. In April 1936, Simpkins brought a foreclosure suit against the Huies and took title to the surface and mineral estates by commissioner's deed which he recorded in July 1936. Sun Oil Company was not named as a party defendant in Simpkins's

foreclosure action. The Joneses trace their title to Simpkins, while Panhandle and Farmers trace theirs to Sun Oil Company.

## II. LEGAL STANDARD

"Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the complaint must be reviewed to determine whether its allegations show that the pleader is entitled to relief. *Id.*

## III. DISCUSSION

The question presented is whether Simpkins's failure to join Sun Oil Company as a party to the 1936 foreclosure proceeding rendered his subsequent transfer of the property void. Answering in the affirmative, Panhandle and Farmers cite *Hatchett v. Terry*, a case that held a foreclosure decree was not binding on subsequent purchasers who were not joined in the foreclosure action. 190 S.W.3d 302, 307 (Ark. Ct. App. 2004). Answering in the negative, the Joneses cite *Skelly Oil Co. v. Johnson* and the rule of stale demand. 194 S.W.2d 425 (Ark. 1946). As set forth below, the holdings of *Hatchett* and *Skelly Oil* are not in conflict and together provide an adequate legal basis for the Joneses' petition.

A.  <u>Subsequent Purchasers are Necessary Parties to Foreclosure Proceedings</u>

The relevant facts of *Hatchett* are as follows. In 1982, Dorothy Dixon Hatchett sold a large tract of land to Earl and Mary Collister, who planned to subdivide and resell

individual plots. 190 S.W.3d at 304. Contemporaneous to that transfer, Hatchett received a mortgage on the property. *Id.* Between 1982 and 1986, several individuals and couples (hereinafter "the appellees") purchased land from the Collisters under escrow contracts. *Id.* Hatchett released the original mortgage in 1987. *Id.* The Collisters promptly executed another mortgage to Hatchett, and in 1990, they executed yet another. *Id.* The 1987 and 1990 mortgages did not declare themselves to be replacements for, or extensions of, the 1982 mortgage. *Id.* In 1994, Hatchett brought a foreclosure action following the Collisters' default on the notes secured by the 1987 and 1990 mortgages and obtained a foreclosure decree in 1995. *Id.* The appellees, all of whom paid their contracts and received their deeds prior to 1994, were not joined as parties to Hatchett's foreclosure suit. *Id.*

The trial court quieted title in the appellees holding that the Collisters could only mortgage that which they actually owned. *Id.* at 306. On appeal, the Arkansas Court of Appeals affirmed and noted that the appellees' equitable right of redemption was not terminated by the foreclosure decree because Hatchett failed to join them as defendants. *Id.* at 307.

B.    The Rule of Stale Demand

The relevant facts of *Skelly Oil* are as follows. In 1918, Calvin Mower sold land to Frank Doss, who financed the transaction by executing a series of eleven promissory notes to Mower. *Skelly Oil*, 194 S.W.2d at 427. The deed reserved in Mower a "vendor's lien" as security for the notes. Doss then conveyed his mineral rights to four different individuals,

whom the court called "junior title claimants." *Id.* at 429.

Following Doss's default, Mower brought a foreclosure action and obtained a commissioner's deed which he recorded in May 1924. *Id.* at 427-28. None of the junior title claimants were joined in the foreclosure action; the only defendant was Doss. *Id.* at 429. The Arkansas Supreme Court held that the junior title claimants were improperly omitted from the foreclosure action and that they had the equitable right to redeem their respective mineral interests "within a reasonable time." *Id.*

To determine what length of time was reasonable, the court applied the equitable rule of stale demand. It explained that a stale demand is "one that is first asserted after an unexplained delay of such great length . . . as to create a presumption . . . that it has been abandoned." *Id.* at 430 (omissions in original). After noting that the statute of limitations governing Mower's vendor's lien would run five years after the eleventh note came due, the court held that the junior title claimants' rights of redemption existed until November 2, 1934, after which date the rule of stale demand extinguished those rights. *Id.* at 430.

C.   Application of *Hatchett* and *Skelly Oil*

Because neither Macon nor Sun Oil were joined in the 1936 foreclosure action, their right to redeem survived the ensuing foreclosure decree. *See Hatchett*, 190 S.W.3d at 307. This right, however, inured only for a reasonable time, which could be no later than the expiration of the statute of limitations governing the 1928 mortgage. *See Skelly Oil*, 194 S.W.2d at 431. In 1928, when the Huies granted Simpkins a mortgage, the statute of

limitations on a mortgage securing debt was ten years, although the note it secured carried a five-year statute of limitations. Paul Jones, Jr., *The Arkansas Law of Title to Real Property* 388 (1935). *See also New England Mortg. Sec. Co. v. Reding*, 47 S.W. 132 (Ark. 1898). Because the documents appended to the Joneses' petition are illegible and the maturity of note secured by the mortgage is unascertainable, this is an issue of fact better reserved for summary judgment. Given the likelihood, however, that Sun Oil's right of redemption is barred by the rule of stale demand, the record is sufficient to overcome a motion to dismiss.

## IV. CONCLUSION

For these reasons, the motion to dismiss [Doc. No. 6] is denied.

IT IS SO ORDERED this 11th day of July 2011.

_____
UNITED STATES DISTRICT JUDGE